IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROOPAL PATEL, : CASE NO. 3:07 cv 0243
: JUDGE
PLAINTIFF, : WALTER HERBERT RICE

V. : **COMPLAINT WITH**
: **JURY DEMAND**
WRIGHT STATE UNIVERSITY, :
SCHOOL OF PROFESSIONAL :
PSYCHOLOGY, :

DEFENDANT. :

## **PRELIMINARY STATEMENT**

This is an action brought pursuant to 42 U.S.C. §1983, the Fourteenth Amendment to the United States Constitution, §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, and pendent State claims under §§4112.02 and 4112.022 of the Ohio Revised Code, for damages, injunctive relief and other equitable relief.

## **JURISDICTION**

Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343 and the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq*, and the Americans with Disabilities Act, 42 U.S.C. §12117.

## **PARTIES**

1. Plaintiff Roopal Patel is a resident of the State of Ohio, within the Southern District of Ohio.

1

2. Defendant Wright State University is a state sanctioned university pursuant to Revised Code Chapter 3352. At all times relevant hereto Defendants acted under color of State law.

3. Defendant receives federal assistance from the United States government.

### FACTUAL BACKGROUND

4. Plaintiff is an American born female, date of birth April 26, 1975, and who is of East Asian decent.

5. Plaintiff entered the Pre-Doctoral Internship Program at the Wright State University School of Professional Psychology on September 1, 2005.

6. At all times relevant hereto Plaintiff suffered from and/or was diagnosed as suffering from substance induced mood disorder, attention deficit disorder, major depressive disorder and symptomotology of post traumatic stress disorder.

7. The medical conditions from which Plaintiff suffers constitute a disability and she is a "handicapped person" as defined by law.

8. Plaintiff is otherwise qualified to perform the duties required of a participant in the Internship Program.

9. At times during her participation of the Internship Program, Plaintiff exhibited some difficulty in certain aspects of her performance in the program.

10. The School of Professional has published and promulgated substantive and procedural rules governing the Pre-Doctoral Internship Program.

11. Those rules include provisions for addressing concerns of student impairment and the manner in which such impairment should be recognized and addressed by administration and faculty of Defendant. (See Appendix A)

2

12. Throughout her participation in the program Plaintiff exhibited certain of these symptoms which were recognized but not remedially addressed by those members of faculty and administration who had an opportunity and an obligation to do so.

13. Despite her best efforts to satisfy the requirements of the Internship Program, Plaintiff was removed from the program on June 29, 2006.

14. Pursuant to the Defendant's School of Professional Psychology Policy and Procedures for Appeals of Performance Reviews, Plaintiff filed an appeal according to the policy of the decision to remove her from the program. (Appendix B)

15. Pursuant to the appeals procedure a hearing was conducted on October 3, 2006.

16. On October 10, 2006 the appeal panel reached a final decision. That decision is articulated in an October 15, 2006 letter from Jeffery B. Allen, Professor and Chair of the hearing committee who stated:

> The committee concludes that proper policy and procedure were followed through the point at which Ms. Patel's clinical supervisor (Dr. Steven Yerian) discussed her possible impairment and availed her to appropriate psychiatric intervention through Christina Waite, M.D. However, following this recommendation, there is no clear indication that all steps related to the reporting of impairment were taken. Specifically, it is unclear whether Ms. Patel or Dr. Yerian approached the Associate Dean of Academic Affairs or the Director of Clinical Training directly to discuss the issues involved. Because of this, an Ad Hoc Student Impairment Committee was not formed.

(Appendix C)

17. After the appeal panel reached its decision Defendant failed to take prompt action to reinstate Plaintiff to the program.

18. Plaintiff was reinstated to the program on March 1, 2007, but Defendant failed to adequately consider or implement accommodations for Plaintiff's disabilities.

3

19. Despite her best efforts, Plaintiff was again removed from the program on May 31, 2007.

20. Defendant had previously participating in the Internship Program an East Asian student who was permitted to complete the program despite failing to fulfill all of the criteria of the Internship Program.

21. Plaintiff believes that the decision to remove her from the program was a consequence of Defendant's reluctance to similarly permit Plaintiff to complete the program because she was also of East Asian descent and was discriminated and retaliated against because of her East Asian identity.

22. As a consequence of Defendant's actions and failure to provide Plaintiff with reasonable accommodations and an opportunity to complete her internship program, Plaintiff has suffered serious consequences, including loss of earnings, loss of prestige and reputation, humiliation, embarrassment and an exacerbation of her pre-existing medical condition.

## FIRST CLAIM FOR RELIEF

23. Plaintiff restates and realleges all the allegations set forth in paragraphs 1 through 22, as if fully restated herein.

24. Defendant has discriminated and retaliated against Plaintiff because of her ethnic background as an East Asian American and have denied her certain rights which would have been available to non-East Asian students.

25. The actions of Defendant constitutes a violation of the Ohio Revised Code §4112.02.

4

## SECOND CLAIM FOR RELIEF

26. Plaintiff restates and realleges all the allegations set forth in paragraphs 1 through 24, as if fully restated herein.

27. Defendant has violated Plaintiff's substantive and due process rights under the Fourteenth Amendment of the United States Constitution and 42, U.S.C. §1983.

## THIRD CLAIM FOR RELIEF

28. Plaintiff restates and realleges all the allegations set forth in paragraphs 1 through 27, as if fully restated herein.

29. The actions of Defendant violates §504 of the Rehabilitation Act.

## FOURTH CLAIM FOR RELIEF

30. Plaintiff restates and realleges all the allegations set forth in paragraphs 1 through 29, as if fully restated herein.

31. Defendant's failure to make reasonable accommodations for Plaintiff because of her disability is a violation of the Americans with Disabilities Act.

## FIFTH CLAIM FOR RELIEF

32. Plaintiff restates and realleges all the allegations set forth in paragraphs 1 through 31, as if fully restated herein.

33. The actions of Defendant constitutes a violation of the Ohio Revised Code §4112.022.

WHEREFORE, Plaintiff demands judgment as follows:

A.  An order that Plaintiff has been denied her procedural and substantive due process rights, that she was discriminated against because of her race and disability;

5

B. Injunctive relief in the form of immediate reinstatement to the School of Professional Psychology program with all rights and benefits associated with the program;

C. Either as damages or injunctive relief, all compensation that Plaintiff has lost as a result of her dismissal from the School of Professional Psychology program;

D. All costs, attorney fees, and any such further relief this Court deems appropriate.

Respectfully submitted,

Jeffrey M. Silverstein - #0016948
Jeffrey M. Silverstein and Associates
627 S. Edwin C. Moses Blvd.
Suite 2-C
Dayton, OH 45408
(937) 228-3731
jeff@silversteinlaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

Jeffrey M. Silverstein - #0016948

6